NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>S. ALFARO, Associate Director of CDCR;<br>et al.,<br><br>           Defendants-Appellees. | No. 20-16205<br><br>D.C. No. 1:17-cv-01310-AWI-JLT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 14, 2021**

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner John Wesley Williams appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging federal claims. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir.

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2014) (en banc). We affirm.

The district court properly granted summary judgment because Williams failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Ross v. Blake*, 578 U.S. 632, 635, 638, 641-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before filing an action, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *Albino*, 747 F.3d at 1172 (explaining that once the defendant has carried the burden to prove that there was an available administrative remedy, the burden shifts to the plaintiff to produce evidence showing that administrative remedies were effectively unavailable to him).

The district court did not abuse its discretion by denying Williams's request to stay summary judgment pending additional discovery because Williams failed to show that the discovery he sought was essential to oppose summary judgment. *See* Fed. R. Civ. P. 56(d); *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 614, 619-20 (9th Cir. 2017) (standard of review, and explaining that to prevail on a Rule 56(d) request, a party must state the specific

facts it seeks in further discovery, and show that such facts exist and are "essential to oppose summary judgment" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**